AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Felix Ray ROBLEDO | ) | Case No.    25-MJ-5181 JMR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___December 17, 2025___ in the county of ___Bernalillo___ in the ___ District of ___New Mexico___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 841(a)(1) and (b)(1)(A) | Possession with Intent to Distribute a Controlled Substance; 50 grams or more of methamphetamine |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*M. Estrada*
*Complainant's signature*

Mariel Carina Estrada, Special Agent, HSI
*Printed name and title*

Telephonically sworn and electronically signed.

Date:    12/17/2025

*Judge's signature*

City and state:    Albuquerque, New Mexico    Jennifer M. Rozzoni, U.S Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Mariel Carina Estrada, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. Your affiant is a Homeland Security Investigation (HSI) Special Agent (SA) within the Department of Homeland Security's (DHS) Immigration and Customs Enforcement (ICE); currently assigned to the Homeland Security Task Force (HSTF) group. Your affiant has been employed as a SA with HSI since July 2024 and currently assigned to the Albuquerque, New Mexico Deputy Special Agent in Charge field office. As such, your affiant is a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510 (7) and is empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516.

2. Your affiant has completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. This program consisted of approximately 500 hours of training on general investigatory topics. Subsequently, your affiant completed the HSI Special Agent Training Program in January 2025, which consisted of another 500 hours of training on the types of cases commonly investigated by HSI, including but not limited to instruction on human trafficking, immigration violations, narcotics investigations, and transnational criminal organizations.

3. Your affiant holds a Bachelor of Arts in Criminology and Criminal Justice and graduated Cum Laude from the University of Texas at Arlington.

4. Prior to becoming an HSI SA, your affiant was a law enforcement officer for approximately two years with the University of Texas at Arlington Police Department. As a law

enforcement officer, your affiant gained experience understanding of laws and procedures as well as obtained evidence of criminal activity.

5.    As an HSI Special Agent, the affiant has received extensive training and practical experience pertaining to federal criminal procedures, federal criminal statutes, United States Immigration and Nationality law, United States Customs laws and regulations, and other federal and state laws pertaining but not limited to: Alien Smuggling/Human Trafficking, fraudulent document manufacture and sales; the importation and distribution of controlled substances, firearms, commercial fraud, counter proliferation investigations, money laundering and financial investigations, and conspiracy.  The affiant is authorized, and presently assigned to investigate violations of Titles 8, 18, 19, and 21 of the United States Code as well as other federal violations of law.  The affiant has also acquired knowledge and information about such offenses, and the various means and methods by which they are furthered from numerous sources, including formal and informal training from other law enforcement officers, investigators, and Special Agents, interviews of informants and arrestees, and interviews of other knowledgeable individuals.  As a result, the affiant, and other agents assisting in this investigation are, familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations (DTOs) to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions.   The affiant also has experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers.  The affiant is aware that DTOs are concerned about the efforts law enforcement make to disrupt and dismantle their activities.

6.    The following information relating to the investigation of Domingo ROBLEDO (DOB: 04/20/1986 and hereinafter referred to as "ROBLEDO") and Felix Ray ROBLEDO (DOB: 02/12/1985 and hereinafter referred to as "F. ROBLEDO") is personally known to your affiant

based on her own investigation, training and experience, or has been related to the affiant by other individuals, including law enforcement officers involved in the investigation whom the affiant believes to be reliable and the affiant's review of investigative reports. Your affiant has not included each and every fact known to her concerning this investigation.  Your affiant has set forth only the facts that she believes are necessary to establish the foundation for an order authorizing the arrest of ROBLEDO and F. ROBLEDO.

7.    Based on the following information, there is probable cause to believe that ROBLEDO and F. ROBLEDO did unlawfully, knowingly, and intentionally violate Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) (Possession with Intent to Distribute a Controlled Substance; 50 grams or more of methamphetamine).

## **PROBABLE CAUSE**

8.    On December 16, 2025, at approximately 1115 hours, Officers with New Mexico State Police Criminal Enforcement Unit conducted a traffic stop on a vehicle in Bernalillo County, State of New Mexico for a traffic violation.

9.    Officers observed a white 2020 Ford Edge Sport Utility Vehicle (SUV) bearing Texas registration plate WVD6230 following too closely behind another SUV while merging to the left lane to pass a commercial motor vehicle. The subject vehicle was observed traveling in a less than reasonable and prudent following distance and was approximately within three (3) car lengths behind the other SUV.

10.    New Mexico State Police Officer Jonathan Brashear conducted a traffic stop on Interstate 40, eastbound, near mile marker 147. Upon approach of the passenger side, Officer Brashear immediately smelled the overwhelming odor of marijuana emitting from the vehicle. Officer Brashear introduced himself and explained the reason for the traffic stop. Officer Brashear

requested a driver's license, registration, and proof of insurance from the driver. The driver, Domingo ROBLEDO, stated he only had an identification card and provided his Texas identification card. The passenger, Felix Ray ROBLEDO (F. ROBLEDO), provided Officer Brashear with proof of insurance. Officer Brashear explained to ROBLEDO that he would be receiving two written warning citations for the traffic violations and asked him to exit the vehicle.

11.    ROBLEDO was seated in the front passenger seat of the patrol vehicle for the issuance of the written warning citations. Officer Brashear asked ROBLEDO if he could converse with him while completing the citations. ROBLEDO responded in an unusual way, stating it only depended on what was going to be discussed. In Officer Brashear's experience, when asking a driver to hold a conversation during a traffic stop, it is not normal for a driver to respond in the defensive. Officer Brashear informed ROBLEDO he wished to talk about his day, his travels, ect. During the conversation, Officer Brashear inquired about their travel, specifically, where they were coming from. ROBLEDO provided a vague answer, stating they were coming from here, there, and everywhere. Officer Brashear inquired about the location of Ralls, Texas, which was listed as his place of residency on his license. ROBLEDO was vague with his response by naming nearby towns, rather than stating Lubbock, Texas, most easily identifiable nearby location.

12.    Officer Brashear asked ROBLEDO how long he had known the registered owner. ROBLEDO said he thought the vehicle was registered to his sister. The vehicle is reported to be registered to a Rosa Linda Robledo. Officer Brashear noticed the insurance for the vehicle was listed under Felix Robledo (F. ROBLEDO) and was effective the day prior, December 15, 2025.

13.    While Officer Brashear was issuing the citations, New Mexico State Police Agent Juan Rodriguez contacted F. ROBLEDO at the front passenger side of the vehicle. Agent Rodriguez smelled the overwhelming odor of marijuana while at the vehicle. Agent Rodriguez had

F. ROBLEDO exit the vehicle. F. ROBLEDO told Agent Rodriguez the pair were coming from Phoenix. They had a home remodel job, and they were there for two days. Agent Rodriguez asked F. ROBLEDO about marijuana in the vehicle. F. ROBLEDO admitted to having marijuana in the center console.

14.    While nearing the end of issuing citations, and immediately after ROBLEDO signed both citations, ROBLEDO seemed to be in a hurry to conclude the traffic stop. ROBLEDO requested his Texas identification card and insurance. Officer Brashear returned all documents belonging to ROBLEDO. ROBLEDO exited the patrol vehicle. Officer Brashear asked ROBLEDO if he could ask him some questions. ROBLEDO agreed. Officer Brashear asked ROBLEDO where he was coming from again. In a defensive and agitated tone, ROBLEDO stated he never told me where he was coming from.

15.    Agent Rodriguez intercepted the conversation and explained to ROBLEDO that he is a Task Force Officer with Homeland Security Investigations (HSI). Agent Rodriguez informed ROBLEDO that he smelled the odor of marijuana coming from the vehicle and he would be conducting a probable cause search of the vehicle. Agent Rodriguez asked ROBLEDO if there was anything in the vehicle Officers needed to know about. ROBLEDO said he didn't think so.

16.    Agent Rodriguez conducted a search inside the vehicle where he located a Ziploc bag of a green leafy substance, suspected of being marijuana, in the center console. Agent Rodriguez located a small suitcase underneath a blanket in the rear hatch of the vehicle. Agent Rodriguez opened the suitcase and discovered a clear plastic bag containing nine (9) individual Ziploc bags containing a crystalline substance. Agent Rodriguez suspected the crystalline substance to be methamphetamine.

17.     Both F. ROBLEDO and ROBLEDO were detained in handcuffs and secured in separate patrol vehicles. While still on the roadside, Agent Rodriguez advised both occupants of their Miranda Rights. ROBLEDO did not provide any information. Agent Rodriguez told F. ROBLEDO it was a large amount of methamphetamine. F. ROBLEDO said it was his cousin's bag and he probably left it in there. Agent Rodriquez inquired about conducting a controlled delivery of the narcotics, F. ROBLEDO stated there wasn't any place for it to be delivered.

18.     Eventually, both occupants were transported to the HSI office in Albuquerque, New Mexico for processing and interviewing. The vehicle was transported by a tow truck to the HSI office. Officer Brashear followed the tow truck and vehicle while recording with his patrol vehicle installed dash camera.

19.     At the HSI office, the marijuana yielded 47.6 grams. The methamphetamine was tested using a TruNarc with a positive presumptive indication of methamphetamine and weighing approximately 8.8 pounds. In my training and experience that amount of methamphetamine is not for personal use, it is an amount that is indicative of trafficking controlled substances.

20.     Occupants were arrested for violating Title 21 United States Code, Section 841(a)(1) and (b)(1)(A) (Possession with Intent to Distribute a Controlled Substance; 50 grams or more of methamphetamine).

**CONCLUSION**

21.     Based on the forgoing information, your affiant believes there is probable cause to believe that ROBLEDO and F. ROBLEDO did unlawfully, knowingly, and intentionally Title 21 United States Code, Section 841(a)(1) and (b)(1)(A) (Possession with Intent to Distribute a Controlled Substance; 50 grams or more of methamphetamine).

22.     The Affiant humbly requests that the attached arrest warrant be issued authorizing the arrest of ROBLEDO and F. ROBLEDO.

23.     Assistant United States Attorney Mia Rubin reviewed and approved this affidavit.


_____
Mariel Carina Estrada
Special Agent
Homeland Security Investigations


Telephonically sworn and electronically signed on this 17th day of December 2025.


_____
Jennifer M. Rozzoni
United States Magistrate Judge